No. 99-034

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 187

295 Mont. 339

983 P.2d 962

VICTOR A. JOHANSEN,

Petitioner and Respondent,

v.

STATE OF MONTANA,

Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark County,

The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:


For Appellant:


Tommy H. Butler, Special Assistant Attorney General,

Montana Department of Natural Resources & Conservation;

Helena, Montana


For Respondent:


William G. Sternhagen, Sternhagen Law Firm; Helena, Montana


Submitted on Briefs: April 8, 1999

Decided: August 10, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. Victor A. Johansen, Petitioner and Respondent, was notified by the Montana Department of Natural Resources and Conservation that his lease of State agricultural lands had been canceled due to his failure to timely remit the rental payment. Johansen appealed the cancellation of the lease to the Department, which upheld its cancellation. He then filed a petition for judicial review with the District Court for the First Judicial District. The District Court concluded that it did not have jurisdiction to review the petition. Johansen appealed the District Court's determination that it did not have jurisdiction to this Court. We concluded that the District Court did have jurisdiction to review the Department's decision. Following remand, the District Court concluded that Johansen had paid his rent on time, and reversed and remanded the decision of the Department. The Department now appeals the decision and order of the District Court. We affirm the judgment of the District Court.**

**¶2. The dispositive issue on appeal is whether the District Court erred when it concluded that Johansen had mailed his rental payment on time.**

FACTUAL AND PROCEDURAL BACKGROUND

**¶3. Victor A. Johansen was notified by the Montana Department of Natural Resources and Conservation that his lease of State agricultural lands had been**

canceled due to his failure to timely remit the rental payment, which was due on or before December 31, 1996. Johansen appealed to the Department for reconsideration and renewal of his lease. In support of his argument for reinstatement of his lease, Johansen submitted an affidavit to the Department in which he stated that he put the rental payment into an envelope on December 29, 1996, and put it into his mailbox with the amount of money due for postage. According to his affidavit, the postal carrier on his route routinely accepts mail without the postage affixed, if the correct amount of money for postage is in the mailbox. For thirty-eight years, Johansen, and his father before him, had made their lease payments in this same manner. On December 29, the postal carrier left Johansen a note stating that because snow had blown into the mailbox, she was unable to find all of the change due for the letter, and requested that he clean the snow out of the mailbox. Johansen cleaned the snow out of the mailbox as requested, and the following day left the letter containing the rental payment in the mailbox for collection along with proper change for postage. The postal carrier again left Johansen a note--this time she stated that she did not have any stamps, and that because it was a Saturday, she was unable to buy postage and affix it to the letter. She, therefore, left the letter in Johansen's mailbox once again.

¶4. The postal carrier servicing Johansen's route verified by affidavit the course of events Johansen described. In her affidavit, she also confirmed that she regularly accepted mail without postage affixed if the correct amount of money was left in the mail box. It is unclear when, or if, the affidavit was presented to the Department, because the affidavit is signed but not dated. The affidavit was, however, filed with the District Court.

¶5. Johansen lives in a rural area that is on a highway contract route (HCR). The postmaster of the East Helena Post Office wrote to the director of the Department, stating that postal carriers servicing highway contract routes commonly pick up letters without postage affixed but with coins or currency affixed for postage. With his letter, the postmaster enclosed a copy of USPS Handbook PO-504 which establishes uniform policy for the administration and operation of HCRs. The handbook states that one of the duties of carriers servicing HCRs is selling postage.

¶6. There was no mail service the following day, December 31, because it was a Sunday. Monday was January 1, and the post office was again closed. On Tuesday afternoon, January 2, Johansen went to his mailbox and found that the postal carrier

had again not taken the envelope containing the lease rental payment. Johansen, therefore, took the rental payment to the East Helena Post Office that afternoon, but the envelope did not receive a postmark until the next day, January 3. The Department mailed Johansen a letter dated January 24 and delivered February 9 notifying him that his lease was canceled for failure to timely pay the rent. The letter also notified Johansen that he no longer had the right to use the land, that any use would be considered a trespass, and that the land would be advertised for lease to the highest bidder. Johansen met informally with the Department to discuss the cancellation of his lease, and the Department stated that, had the envelope containing the lease payment been postmarked January 2 instead of January 3, it probably would not have canceled Johansen's lease.

¶7. Johansen subsequently filed a petition for judicial review with the District Court for the First Judicial District. On cross-motions for summary judgment, the District Court concluded that the agency decision was not judicially reviewable under the Montana Administrative Procedures Act (MAPA) as a "contested case," because it did not fit the MAPA definition of a "contested case" pursuant to § 2-4-102(4), MCA. The court, therefore, held that it did not have jurisdiction to review the Department decision, and dismissed the petition.

¶8. Johansen appealed the District Court decision and order to this Court. We concluded that the District Court did have jurisdiction to review the Department decision. We stated that "[s]imply because an administrative decision is not a 'contested case' . . . does not mean that Johansen has no avenue to seek review of the Department's decision." *See Johansen v. Department of Natural Resources and Conservation,* 1998 MT 51, ¶ 25, 55 St.Rep. 211, ¶ 25 (hereinafter *Johansen I*). We held that the appropriate standard of review of an informal agency decision is whether the agency acted arbitrarily, capriciously, or unlawfully in arriving at its decision. *See Johansen I*, ¶ 26 (citing *North Fork Preservation* (1989), 238 Mont. at 458-59, 778 P.2d at 866).

¶9. In our *Johansen I* decision, we noted that this Court has concluded that district courts should defer to an agency's decision where substantial agency expertise is involved. *See Johansen I,* ¶ 29. We concluded, however, that the issue in the instant case does not implicate substantial agency expertise, and stated that:

[W]hether Johansen timely mailed his rental payment, whether the U.S. postal service

"accepts" letters for mailing without postage on rural routes serviced by a contract carrier where a person has provided money for the postage, or whether mailing takes place upon placing a letter in a mailbox or only upon receipt of a postmark are not disputes that invoke any particular expertise within the Department's province . . . . Thus, although the reviewing courts will conduct a limited review of the Department's decision, it is not necessary that they accord any particularly special deference to the decision . . . .

*Johansen I, ¶ 29.*

**¶10. On remand, the District Court held that Johansen paid his rent on time, and reversed the decision of the Department. The Department now appeals the order and judgment of the District Court.**

STANDARD OF REVIEW

**¶11. The standard of review of a district court's conclusions of law is whether the court correctly interpreted the law.** ***See Leahy v. Department of Revenue* (1994), 266 Mont. 94, 97, 879 P.2d 653, 655. The appropriate standard of review of an agency decision adversely affecting a person's interest where no hearing or other administrative procedure is provided for is whether the agency decision was arbitrary, capricious, unlawful, or not supported by substantial evidence.** ***See Johansen I, ¶ 19.***

DISCUSSION

**¶12. Did the District Court err when it concluded that Johansen had mailed his rental payment on time?**

**¶13. The District court concluded that "Johansen is deemed to have made his rent payment at the time he placed it in his mailbox on December 29, 1995. His lease payment was, therefore, made on time, and that the Department erred when it determined that the lease was canceled for failure to make a timely rent payment."**

**¶14. The District Court relied on Am. Jur. 2d for the proposition that when the usual course of dealing between parties creates an inference that use of the mails for payment is acceptable, then:**

[P]ayment is made when a letter containing the remittance, properly addressed and with

postage prepaid, is deposited in the mail. 60 Am. Jur. 2d, *Payment*, § 1[7], and cases cited therein. Evidence that the debtor has made previous payments by mail and that those payments have been credited to his account warrants the conclusion that use of the mails has been impliedly authorized and that a payment was made on the day it was placed in the mail under such circumstances. *Id.*

**¶15. Johansen and his father before him had made their lease rental payments by mail for 38 years. Because it was customary and authorized by the United States Postal Service for the postal carrier servicing Johansen's mail route to accept letters without postage affixed but with the correct change for postage attached, Johansen had a reasonable expectation that his envelope containing the rental payment would be picked up from his mailbox on December 29 and again on December 30. When he discovered that the envelope had not been picked up by the mail carrier, Johansen took the envelope to the East Helena Post Office on January 2. It was reasonable for Johansen to believe that the letter would receive a January 2 postmark, which pursuant to § 1-1-307, MCA, was the final day for Johansen to legally make his payment. Section 1-1-307, MCA, provides that:**

Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a holiday or a Saturday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.

**¶16. In the present case, the day for payment, December 31, 1997, was a Sunday. Monday, January 1, was a holiday, and, therefore, payment on Tuesday, January 2, was authorized pursuant to § 1-1-307, MCA. The Department had evidence before it that Johansen had taken the envelope containing the payment to the East Helena Post Office on January 2. The East Helena Postmaster sent the Director of the Department a letter stating that "Mr. Johansen brought the letter to the East Helena Post Office on January 2." The Postmaster's letter also stated that "in this instance [the post office] may not have provided Mr. Johansen the service he expected." Although the envelope did not receive a postmark until January 3, the Department had uncontroverted evidence that Johansen had timely mailed the rental payment on January 2.**

**¶17. Based on the facts of this case, we conclude that the Department's decision not to renew Johansen's lease was arbitrary and capricious and not supported by substantial evidence. For the reasons set forth above, we affirm the decision of the District Court.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART